THOMPSON v. THOMPSON. (No. 8070.)

(Court of Civil Appeals of Texas. Dallas. May 25, 1918.)

INJUNCTION ⬦163(1)—EXTENT OF RELIEF — MODIFICATION.

In a suit by a father to annul the marriage of a minor son, a temporary injunction, restraining defendant and her counsel from communicating with the son, would deprive defendant and her counsel of the right to communicate with a view of taking son's testimony in the trial of the case, and will be modified so as to permit communication for the purpose indicated.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

On second motion for rehearing. Overruled, except as indicated.

For former opinion, see 202 S. W. 175.

M. M. Crane, of Dallas, and Callicute & Johnson, of Corsicana, for appellant. Richard Mays, of Corsicana, and Etheridge, McCormick & Bromberg, of Dallas, for appellee.

TALBOT, J. The appellant's second motion for rehearing, except as hereinafter indicated, will be overruled. We see no good reason for the changing of our rulings on questions heretofore raised, and, for the reasons given in our original opinion, we must adhere to them. The copy of the petition purporting to have been filed by William Thompson, by his next friend, and father, J. A. Thompson, in the district court of Bryan county, Okl., seeking to annul his marriage and that of appellant, in which he states, among other things, that to secure the license authorizing the celebration of the marriage of him and appellant, the said William Thompson, in the presence of appellant, and with her acquiescence and consent, represented to the licensing officer that he and appellant were of legal age and competent to enter into the marriage relation and contract without the consent of the parents or guardians, and the copy of the original affidavit made by the said William Thompson, before the clerk of Bryan county, Okl., for the purpose of procuring a marriage license and other exhibits attached to the second motion for rehearing, for clear and obvious reasons cannot be considered now by this court.

The complaint, however, that the unqualified affirmance of the sweeping order of the district judge, who granted the temporary injunction in this case, will have the effect to deprive appellant and her counsel of the right to communicate with the said William Thompson with the view of taking his testimony in the trial of the cause now pending in the district court of Navarro county, Tex., as well as in the cause pending in the district court of Bryan county, Okl., or in any way communicating with him to find out what his testimony would be upon the matters complained of in the plaintiff's petition, are probably well founded. The appellant and her counsel were enjoined by the temporary writ issued from having any communication with William Thompson by letter, telephone, telegram, signs, or otherwise. This language is broad enough to have the effect suggested by appellant, and, literally construed, would deprive the appellant of a legal right, as contended by her, to communicate with the said William Thompson for the purpose of ascertaining what his testimony would be upon the trial of the cause, and from taking his testimony in the event it should be regarded as material to her defense. The judgment of the lower court will therefore be reversed in this particular, and the temporary injunction modified so as to permit the appellant or her counsel for the purposes indicated to communicate with William Thompson.

The motion for rehearing in all other respects is overruled.